**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| GODO KAISHA IP BRIDGE 1, <br><br> Plaintiff, <br><br> v. <br><br> BROADCOM LIMITED, BROADCOM CORPORATION, AVAGO TECHNOLOGIES, LTD., AVAGO TECHNOLOGIES U.S., INC., and LSI CORPORATION <br><br> Defendants. | Case No. 2:16-cv-134 <br><br><br> **DEMAND FOR JURY TRIAL** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Godo Kaisha IP Bridge 1 ("IP Bridge" or "Plaintiff") hereby brings this Complaint for Patent Infringement ("Complaint") against Broadcom Limited ("Broadcom Ltd."), Broadcom Corporation ("Broadcom Corp."), Avago Technologies, Ltd.  ("Avago Tech."), Avago Technologies U.S., Inc. ("Avago U.S."), and LSI Corporation ("LSI") (collectively, "Broadcom" or "Defendants").  Plaintiff, on personal knowledge as to its own acts, and on information and belief as to all others based on investigation, alleges as follows:

### NATURE OF THE ACTION

1.     This is an action brought by IP Bridge against Defendants for infringement of U.S. Patent Nos. 6,538,324 ("the '324 Patent"), 6,197,696 ("the '696 Patent"), 7,126,174 ("the '174 Patent"), 8,354,726 ("the '726 Patent"), RE43,729 ("the RE'729 Patent"), and RE41,980 ("the RE'980 Patent") (collectively, "the Asserted Patents").

## THE PARTIES

2.      Plaintiff IP Bridge is a Japanese Corporation with its principal place of business located at c/o Sakura Sogo Jimusho, 1-11 Kanda Jimbocho, Chiyoda-ku, Tokyo, 101-0051, Japan.  IP Bridge owns the Asserted Patents.

3.      Upon information and belief, Defendant Broadcom Ltd. is a corporation organized under the laws of the country of Singapore with principal places of business at 1320 Ridder Park Dr., San Jose, California 95131 and 1 Yishun Avenue 7, Singapore 768923.

4.      Upon information and belief, Defendant Broadcom Corp. is a California corporation with a principal place of business at 5300 California Avenue, Irvine, California 92617.  Upon information and belief, Broadcom Corp. is a wholly owned subsidiary of Broadcom Ltd. and an affiliate of Avago Tech.  Broadcom Corp. is authorized to do business in Texas, and may be served by serving its registered agent National Registered Agents, Inc., 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3140.

5.      Upon information and belief, Defendant Avago Tech. is a corporation organized under the laws of the country of Singapore with principal places of business at 1320 Ridder Park Dr., San Jose, California 95131 and 1 Yishun Avenue 7, Singapore 768923.  Upon information and belief, Avago Tech. is a wholly owned subsidiary of Broadcom Ltd. and an affiliate of Broadcom Corp.

6.      Upon information and belief, Defendant Avago U.S. is a Delaware corporation with a principal place of business at 1320 Ridder Park Dr., San Jose, California 95131.  Upon information and belief, Avago U.S. is a wholly owned subsidiary of Broadcom Ltd. and Avago Tech., and an affiliate of Broadcom Corp.

7.      Upon information and belief, Defendant LSI is a Delaware corporation with a principal place of business at 1621 Barber Ln., Milpitas, CA 95053.  Upon information and

belief, LSI is a wholly owned subsidiary of Avago Tech., and an affiliate of Broadcom Corp.

LSI is authorized to do business in Texas, and may be served by serving its registered agent

Corporation Service Company DBA CSC – Lawyers Incorporating Service Company, 211 E. 7th

Street, Ste. 620, Austin, TX 78701.

## JURISDICTION AND VENUE

8.      This is an action arising under the patent laws of the United States.  Accordingly,

this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question) and

1338(a) (action arising under an Act of Congress relating to patents).

9.      This Court has general and specific personal jurisdiction over Defendants at least

in part because Defendants are present in and/or transact and conduct business in and with

residents of this District and the State of Texas.  IP Bridge's causes of action arise, at least in part,

from Defendants' contacts with and activities in the State of Texas and this District.  Upon

information and belief, Defendants have committed acts of infringement within this District and

the State of Texas by, *inter alia*, making, selling, offering for sale, importing, and/or using

products that infringe one or more claims of the Asserted Patents.  Defendants, directly and/or

through intermediaries, use, sell, ship, distribute, offer for sale, and/or advertise or otherwise

promote their products in the State of Texas and this District.

10.      Moreover, Defendants regularly conduct and solicit business in, engage in other

persistent courses of conduct in, and/or derive substantial revenue from goods and services

provided to residents of, the States of Texas and this judicial District.  For example, Broadcom

Corp. has significant operations in Texas, including facilities in at least Dallas, Austin, and

Houston.  In addition, Broadcom Corp. has availed itself of the benefits and protections of the

state's laws by filing suit in this District.  Avago Tech. has significant operations in Texas,

including operations associated with LSI, its wholly owned subsidiary, and Avago Tech.'s

acquisition of Texas-based East Texas Integrated Circuits, Inc. in 2010 as a wholly owned subsidiary.  Avago Tech. also has availed itself of the benefits and protections of the state's laws by filing two patent infringement lawsuits in this District in the past year through its wholly owned subsidiary Avago Technologies General IP (Singapore) PTE LTD.  Avago Tech. has reported that it distributes a substantial portion of its products through electronic components distributors, including Arrow Electronic, Inc., which maintains locations throughout the State of Texas, including in this District.  Avago US employs at least 60 individuals at offices it maintains in Texas, including in Austin and Richardson, TX.  LSI has significant operations in Texas and this District, including facilities in Plano, Austin, and Houston.  LSI has also availed itself of the benefits and protections of the state's laws by filing a lawsuit in this District.

11.     Furthermore, Defendants have purposefully and voluntarily placed one or more infringing products into the stream of commerce with the expectation that they will be purchased and/or used by residents of this District and/or incorporated into downstream products purchased by consumers in this District, including by directly or indirectly working with subsidiaries, distributors, and other entities located in Texas to ensure their products reach Texas and this judicial District.

12.     In addition, Defendants maintain highly interactive and commercial websites, accessible to residents of Texas and this judicial District, through which Defendants promote their products and services, including products that infringe the Asserted Patents.

13.     Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b) for at least the reasons set forth above.

### DEFENDANTS' INFRINGING PRODUCTS AND ACTIVITIES

14.     Defendants are global manufacturers and suppliers of semiconductor components and products for use in consumer and enterprise products, systems, and services.  Defendants

design, make, use, sell, offer for sale, import into the United States, and provide support for semiconductor products, such as the Broadcom BCM4334 chip, LSI B64002 Hard Disk Drive Controller, LSI SAS 3108 RAID-on-CHIP, and other 40nm semiconductor products that incorporate similar circuitry, have similar structures, features, or functionalities, and/or are made by similar manufacturing processes, as the aforementioned products (collectively, "40 nanometer products"). Defendants also design, make, use, sell, offer for sale, import into the United States, and provide support for semiconductor products that include ARM Cortex A9 CPUs, ARM Cortex A7 CPUs, ARM Cortex A15 CPUs, and/or which otherwise support the ARMv7 and/or ARM v7-A instruction sets, including BCM11xxx, BCM2xxx(x), BCM58xxx, AXE4500, and AXM5500 series products (collectively, "ARM Cortex products").

15.     Defendants depend at least in part on foundry subcontractors located in Asia, such as Taiwan Semiconductor Manufacturing Corporation, to manufacture a majority of their products, including their 40 nanometer products and ARM Cortex products, according to Defendants' product and process specifications.

16.     Defendants sell their products in the United States through a direct sales force, which is located in offices throughout the United States, including Texas, and also use distributors and manufacturers' representatives, as well as authorized retailers.

17.     Defendants' semiconductor products are integrated into devices made, used, sold, offered for sale, and/or imported into the United States, by original equipment manufacturers, distributors, and other third parties. Defendants' 40 nanometer products and ARM Cortex products are essential, non-trivial components of the products into which they are integrated. For example, the BCM4334 chip is a complete wireless connectivity system with ultra-low power consumption for mass-market smartphones.

18.     On February 1, 2016, Broadcom Corp. (and its subsidiaries) and Avago Tech. (and its subsidiaries) completed a merger transaction and became wholly owned subsidiaries of newly formed entity, Broadcom Limited.  Broadcom Corp., Avago Tech., Avago USA, and LSI, are now jointly and wholly controlled by Broadcom Limited, their publicly traded parent company.  None of Broadcom Corp., Avago Tech., Avago USA, or LSI are themselves publicly traded.

19.     Defendants jointly operate to make, use, sell, offer for sale, import into the United States, support, and encourage the use of the products accused of infringement herein.

## FIRST CLAIM FOR RELIEF

## INFRINGEMENT OF U.S. PATENT NO. 6,197,696

20.     IP Bridge realleges and incorporates by reference the allegations of paragraphs 1-19 of this Complaint.

21.     On March 6, 2001, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '696 Patent, entitled "Method for Forming Interconnection Structure." A copy of the '696 Patent is attached hereto as Exhibit A.

22.     IP Bridge owns by assignment the entire right, title, and interest in and to the'696 Patent, including the right to sue and recover damages, including damages for past infringement.

23.     The '696 Patent is valid and enforceable under United States Patent Laws.

24.     Defendants have had knowledge of the '696 Patent at least by virtue of the filing of this Complaint.

25.     Defendants have infringed and are infringing, directly and/or indirectly, either literally or under the doctrine of equivalents, at least claim 13 of the '696 Patent in violation of at least 35 U.S.C. § 271(a), (b), and/or (g), by making, having made, using, selling, offering for sale, and/or importing into the United States, semiconductor products, including without limitation,

the 40 nanometer products, which products are made using the patented process of at least claim 13 of the '696 Patent, and which products are not materially changed by subsequent processes and do not become a trivial and nonessential component of another product ("the '696 Accused Products").  For example, the '696 Accused Products infringe at least claim 13 of the '696 Patent because, at a minimum, they comprise an interconnection structure formed using the patented process of claim 13 that comprises the steps of, *inter alia*, forming insulating films, resist patterns, thin film, and mask pattern, dry-etching insulating films, and filling in wiring grooves and contact holes.

26.     Defendants' actions alleged herein have actively induced and/or are continuing to actively induce infringement of at least claim 13 of the '696 Patent by actively encouraging acts of direct infringement (for example, using, selling, offering for sale, and importing into the United States the '696 Accused Products), and Defendants know (or believe that there is a high probability, but are taking deliberate steps to avoid knowing, including by not adequately investigating the activities of their foundry subcontractors or the intellectual property rights of IP Bridge), that they are inducing infringement by (a) contracting with and instructing others, such as their foundry subcontractors, to manufacture and/or import into the United States the '696 Accused Products made using IP Bridge's patented processes, (b) encouraging and instructing other third parties, including OEMs, distributors, and other third parties, to import into the United States and/or sell or offer for sale, the '696 Accused Products and products that incorporate the '696 Accused Products.  For example, Defendants' product literature for one or more of the '696 Accused Products, including Reference Integration Notes, instructs and encourages Defendants' customers and other third parties to integrate the '696 Accused Products into products sold, offered for sale, and/or imported into the United States.

## SECOND CLAIM FOR RELIEF

## INFRINGEMENT OF U.S. PATENT NO. 6,538,324

27.     IP Bridge realleges and incorporates by reference the allegations of paragraphs 1-26 of this Complaint.

28.     On March 25, 2003, the USPTO duly and legally issued the '324 Patent, entitled "Multi-Layered Wiring Layer and Method of Fabricating the Same."  A copy of the '324 Patent is attached hereto as Exhibit B.

29.     IP Bridge owns by assignment the entire right, title, and interest in and to the '324 Patent, including the right to sue and recover damages, including damages for past infringement.

30.     The '324 Patent is valid and enforceable under United States Patent Laws.

31.     Defendants have had knowledge of the '324 Patent at least by virtue of the filing of this Complaint.

32.     Defendants have infringed and are infringing, directly and/or indirectly, either literally or under the doctrine of equivalents, at least claims 1, 3, 5, 7 and 9 of the '324 Patent in violation of at least 35 U.S.C. § 271(a) and/or (b) by making, having made, using, selling, offering for sale, and/or importing into the United States, semiconductor products, including without limitation, the 40 nanometer products, that meet every limitation of at least the above-identified claims ("the '324 Accused Products").  For example, the '324 Accused Products infringe at least claims 1, 3, 5, 7 and 9 of the '324 Patent because, at a minimum, they comprise a barrier film constituted of common metal atomic species that comprises, *inter alia*, a first film composed of crystalline metal containing nitrogen and a second film composed of amorphous metal nitride where the first film is formed on, and in direct contact with, the second film, and contains nitrogen in a smaller content than that of the second film, all of which are arranged in the manner recited in the above-identified claims.

33.     Defendants' actions alleged herein have actively induced and/or are continuing to actively induce infringement of at least claims 1, 3, 5, 7 and 9 of the '324 Patent by actively encouraging acts of direct infringement, and Defendants know (or believe that there is a high probability that, but are taking deliberate steps to avoid knowing, including by not adequately investigating the activities of their foundry subcontractors or the intellectual property rights of IP Bridge), that they are inducing infringement by (a) contracting with and instructing others, such as their foundry subcontractors, to manufacture and/or import into the United States the '324 Accused Products, (b) encouraging and instructing other third parties, including OEMs, distributors, and other third parties, to make, use, sell, offer for sale, and/or import into the United States the '324 Accused Products and products that incorporate the '324 Accused Products.  For example, Defendants' product literature for the '324 Accused Products, including Reference Integration Notes, instructs and encourages Defendants' customers and other third parties to integrate the '324 Accused Products into products sold, offered for sale, and/or imported into the United States.

### THIRD CLAIM FOR RELIEF

### INFRINGEMENT OF U.S. PATENT NO. RE41,980

34.     IP Bridge realleges and incorporates by reference the allegations of paragraphs 1-33 of this Complaint.

35.     On December 7, 2010, the USPTO duly and legally issued the RE'980 Patent, entitled "Semiconductor Interconnect Formed Over an Insulation and Having Moisture Resistant Material."  A copy of the RE'980 Patent is attached hereto as Exhibit C.

36.     IP Bridge owns by assignment the entire right, title, and interest in and to the RE'980 Patent, including the right to sue and recover damages, including damages for past infringement.

37.     The RE'980 Patent is valid and enforceable under United States Patent Laws.

38.     Defendants have had knowledge of the RE'980 Patent at least by virtue of the filing of this Complaint.

39.     Defendants have infringed and are infringing, directly and/or indirectly, either literally or under the doctrine of equivalents, at least claims 18, 19, 26, 27, 30-36, 43, 44 and 47-51 of the RE'980 Patent in violation of at least 35 U.S.C. § 271(a) and/or (b) by making, having made, using, selling, offering for sale, and/or importing into the United States, semiconductor products, including without limitation, the 40 nanometer products, that meet every limitation of at least the above-identified claims ("the RE'980 Accused Products").  For example, the RE'980 Accused Products infringe at least claims 18, 19, 26, 27, 30-36, 43, 44 and 47-51 of the RE'980 Patent because, at a minimum, they comprise a semiconductor substrate, an interlayer insulating film, a metal wire layer, a surface protecting film including a first dielectric film and a second dielectric film, and a bonding pad, all of which are arranged in the manner recited in the above-identified claims.

40.     Defendants' actions alleged herein have actively induced and/or are continuing to actively induce infringement of at least claims 18, 19, 26, 27, 30-36, 43, 44 and 47-51 of the RE'980 Patent by actively encouraging acts of direct infringement, and Defendants know (or believe that there is a high probability that, but are taking deliberate steps to avoid knowing, including by not adequately investigating the activities of their foundry subcontractors or the intellectual property rights of IP Bridge), that they are inducing infringement by (a) contracting with and instructing others, such as their foundry subcontractors, to manufacture and/or import into the United States the RE'980 Accused Products, (b) encouraging and instructing other third parties, including OEMs, distributors, and other third parties, to make, use, sell, offer for sale,

and/or import into the United States the RE'980 Accused Products and products that incorporate

the RE'980 Accused Products.  For example, Defendants' product literature for the RE'980

Accused Products, including Reference Integration Notes, instructs and encourages Defendants'

customers and other third parties to integrate the RE'980 Accused Products into products sold,

offered for sale, and/or imported into the United States.

<b><u>FOURTH CLAIM FOR RELIEF</u></b>

<b><u>INFRINGEMENT OF U.S. PATENT NO. 7,126,174</u></b>

41.     IP Bridge realleges and incorporates by reference the allegations of paragraphs 1-

40 of this Complaint.

42.     On October 24, 2006, the USPTO duly and legally issued the '174 Patent, entitled

"Semiconductor Device and Method of Manufacturing the Same."  A copy of the '174 Patent is

attached hereto as Exhibit D.

43.     IP Bridge owns by assignment the entire right, title, and interest in and to the '174

Patent, including the right to sue and recover damages, including damages for past infringement.

44.     The '174 Patent is valid and enforceable under United States Patent Laws.

45.     Defendants have had knowledge of the '174 Patent at least by virtue of the filing

of this Complaint.

46.     Defendants have infringed and are infringing, directly and/or indirectly, either

literally or under the doctrine of equivalents, at least claims 1, 4, 5, 8-12 and 14 of the '174

Patent in violation of at least 35 U.S.C. § 271(a) and/or (b) by making, having made, using,

selling, offering for sale, and/or importing into the United States, semiconductor products,

including without limitation, the 40 nanometer products, that meet every limitation of at least the

above-identified claims ("the '174 Accused Products").  For example, the '174 Accused Products

infringe at least claims 1, 4, 5, 8-12 and 14 of the '174 Patent because, at a minimum, they

comprise a trench isolation, a gate insulating film, a gate electrode, first and second L-shaped sidewalls, silicide layers, and an interconnection, all of which are arranged in the manner recited in the above-identified claims.

47.     Defendants' actions alleged herein have actively induced and/or are continuing to actively induce infringement of at least claims 1, 4, 5, 8-12 and 14 of the '174 Patent by actively encouraging acts of direct infringement, and Defendants know (or believe that there is a high probability that, but are taking deliberate steps to avoid knowing, including by not adequately investigating the activities of their foundry subcontractors or the intellectual property rights of IP Bridge), that they are inducing infringement by (a) contracting with and instructing others, such as their foundry subcontractors, to manufacture and/or import into the United States the '174 Accused Products, (b) encouraging and instructing other third parties, including OEMs, distributors, and other third parties, to make, use, sell, offer for sale, and/or import into the United States the '174 Accused Products and products that incorporate the '174 Accused Products.  For example, Defendants' product literature for the '174 Accused Products, including Reference Integration Notes, instructs and encourages Defendants' customers and other third parties to integrate the '174 Accused Products into products sold, offered for sale, and/or imported into the United States.

## FIFTH CLAIM FOR RELIEF

## INFRINGEMENT OF U.S. PATENT NO. 8,354,726

48.     IP Bridge realleges and incorporates by reference the allegations of paragraphs 1-47 of this Complaint.

49.     On January 15, 2013, the USPTO duly and legally issued the '726 Patent, entitled "Semiconductor Device and Method for Fabricating the Same."  A copy of the '726 Patent is attached hereto as Exhibit E.

50.     IP Bridge owns by assignment the entire right, title, and interest in and to the '726

Patent, including the right to sue and recover damages, including damages for past infringement.

51.     The '726 Patent is valid and enforceable under United States Patent Laws.

52.     Defendants have had knowledge of the '726 Patent at least by virtue of the filing

of this Complaint.

53.     Defendants have infringed and are infringing, directly and/or indirectly, either

literally or under the doctrine of equivalents, at least claims 1, 4, 8-10, 17-24, 26-28 and 43 of

the '726 Patent in violation of at least 35 U.S.C. § 271(a) and/or (b) by making, having made,

using, selling, offering for sale, and/or importing into the United States, semiconductor products,

including without limitation, the 40 nanometer products, that meet every limitation of at least the

above-identified claims ("the '726 Accused Products").  For example, the '726 Accused Products

infringe at least claims 1, 4, 8-10, 17-24, 26-28 and 43 of the '726 Patent because, at a minimum,

they comprise a first active region, a first gate electrode, a first and second side-wall, an auxiliary

pattern or a second gate electrode, a stress-containing insulating film, and a first side-wall

insulating film, all of which are arranged in the manner recited in the above-identified claims.

54.     Defendants' actions alleged herein have actively induced and/or are continuing to

actively induce infringement of at least claims 1, 4, 8-10, 17-24, 26-28 and 43 of the '726 Patent

by actively encouraging acts of direct infringement, and Defendants know (or believe that there

is a high probability that, but are taking deliberate steps to avoid knowing, including by not

adequately investigating the activities of their foundry subcontractors or the intellectual property

rights of IP Bridge), that they are inducing infringement by (a) contracting with and instructing

others, such as its foundry subcontractors, to manufacture and/or import into the United States

the '726 Accused Products, (b) encouraging and instructing other third parties, including OEMs,

distributors, and other third parties, to make, use, sell, offer for sale, and/or import into the

United States the '726 Accused Products and products that incorporate the '726 Accused

Products.  For example, Defendants' product literature for the '726 Accused Products, including

Reference Integration Notes, instructs and encourages Defendants' customers and other third

parties to integrate the '726 Accused Products into products sold, offered for sale, and/or

imported into the United States.

<h2 style="text-align:center">SIXTH CLAIM FOR RELIEF</h2>

<h2 style="text-align:center">INFRINGEMENT OF U.S. PATENT NO. RE43,729</h2>

55.     IP Bridge realleges and incorporates by reference the allegations of paragraphs 1-

54 of this Complaint.

56.     On October 9, 2012, the USPTO duly and legally issued the RE'729 Patent,

entitled "Processor Which Can Favorably Execute a Rounding Process Composed of Positive

Conversion and Saturated Calculation Processing."  A copy of the RE'729 Patent is attached

hereto as Exhibit F.

57.     IP Bridge owns by assignment the entire right, title, and interest in and to the

RE'729 Patent, including the right to sue and recover damages, including damages for past

infringement.

58.     The RE'729 Patent is valid and enforceable under United States Patent Laws.

59.     Defendants have had knowledge of the RE'729 Patent at least by virtue of the

filing of this Complaint.

60.     Defendants have infringed and are infringing, directly and/or indirectly, either

literally or under the doctrine of equivalents, at least claim 21 of the RE'729 Patent in violation

of at least 35 U.S.C. § 271(a) and/or (b) by making, having made, using, selling, offering for sale,

and/or importing into the United States, semiconductor products, including without limitation,

the ARM Cortex products, that meet every limitation of at least the above-identified claim ("the RE'729 Accused Products").  For example, the RE'729 Accused Products infringe at least claim 21 of the RE'729 Patent because, at a minimum, they comprise a detecting unit for detecting whether an instruction to be decoded is a predetermined instruction and a rounding unit for rounding, when the detecting unit is detecting that the instruction is the predetermined instruction, a signed m-bit integer stored at an operand designated by the predetermined instruction to a value expressed as an unsigned s-bit integer, all of which are arranged in the manner recited in the above-identified claim.

61.     Defendants' actions alleged herein have actively induced and/or are continuing to actively induce infringement of at least claim 21 of the RE'729 Patent by actively encouraging acts of direct infringement, and Defendants know (or believe that there is a high probability that, but are taking deliberate steps to avoid knowing, including by not adequately investigating the activities of their foundry subcontractors or the intellectual property rights of IP Bridge), that they are inducing infringement by (a) contracting with and instructing others, such as their foundry subcontractors, to manufacture and/or import into the United States the RE'729 Accused Products, (b) encouraging and instructing other third parties, including OEMs, distributors, and other third parties, to make, use, sell, offer for sale, and/or import into the United States the RE'729 Accused Products and products that incorporate the RE'729 Accused Products.  For example, Defendants' product literature for the RE'729 Accused Products, including Reference Integration Notes, instructs and encourages Defendants' customers and other third parties to integrate the RE'729 Accused Products into products sold, offered for sale, and/or imported into the United States.

## PRAYER FOR RELIEF

WHEREFORE, IP Bridge prays for a judgment in its favor and against Defendants and respectfully requests the following relief:

1.      A judgment declaring that Defendants have infringed one or more claims of each of the Asserted Patents in this litigation pursuant to 35 U.S.C. §§ 271(a), 271(b), and/or 271(g);

2.      A judgment pursuant to 35 U.S.C. §283 preliminary and permanently enjoining Defendants, their officers, directors, attorneys, agents, servants, employees, parties in privity with, and all persons in active concert or participation with any of the foregoing, from continued acts of direct or indirect infringement of any claim of the Asserted Patents;

3.      A judgment requiring Defendants to make an accounting of damages resulting from Defendants' infringement of the Asserted Patents;

4.      A judgment awarding IP Bridge its damages resulting from Defendants' infringement of the Asserted Patents, and increasing such damages pursuant to 35 U.S.C. § 284 because of the willful and deliberate nature of Defendants' conduct;

5.      A judgment requiring Defendants to pay IP Bridge costs, expenses, and pre-judgment and post-judgment interest for Defendants' infringement of each of the Asserted Patents;

6.      A judgment finding that this is an exceptional case and awarding IP Bridge's attorneys' fees pursuant to 35 U.S.C. § 285;

7.      Such further necessary and proper relief under 28 U.S.C. § 2202; and

8.      Such other relief as the Court deems just and proper.

Dated:  February 15, 2016                    Respectfully submitted,

*/s/ Melissa R. Smith*
Melissa R. Smith
GILLAM & SMITH, LLP
TX State Bar No. 24001351
303 S. Washington Ave.
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
melissa@gillamsmithlaw.com

Andrew N. Thomases
(CA Bar No. 177339)
(Eastern District of Texas Member)
Andrew T. Radsch
(CA Bar No. 303665)
(Eastern District of Texas Member)
ROPES & GRAY LLP
1900 University Avenue, 6th Floor
East Palo Alto, CA 94303-2284
Telephone:  (650) 617-4000
Facsimile:  (650) 617-4090
andrew.thomases@ropesgray.com
andrew.radsch@ropesgray.com

Hiroyuki Hagiwara
(NY Bar No. 3063690)
(*pro hac vice* forthcoming)
Han Xu
(NY Bar No.  5089438)
(*pro hac vice* forthcoming)
Rodrigo Valle
(NY Bar No. 4901674)
(*pro hac vice* forthcoming)
ROPES & GRAY LLP
JP Tower, 30th Floor
2-7-2, Marunouchi
Chiyoda-ku , Tokyo 100-7030, Japan
Telephone: +81 3 6259 3500
Facsimile:  +81 3 6259 3501
hiroyuki.hagiwara@ropesgray.com
han.xu@ropesgray.com
rodrigo.valle@ropesgray.com

***Attorneys for Godo Kaisha IP Bridge 1***

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who have consented to electronic service, on February 15, 2016.

 */s/ Melissa R. Smith*
Melissa R. Smith