# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

|  |  |  |
|---|---|---|
| GODO KAISHA IP BRIDGE 1, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2:16-cv-00134-JRG-RSP |
| v. | ) | |
| | ) | |
| BROADCOM LIMITED, BROADCOM CORPORATION, AVAGO TECHNOLOGIES, LTD., AVAGO TECHNOLOGIES U.S., INC., and LSI CORPORATION | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendants. | ) | |
| | ) | |

**PLAINTIFF GODO KAISHA IP BRIDGE 1'S RESPONSE TO DEFENDANTS BROADCOM LTD. AND AVAGO TECHNOLOGIES LTD.'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(2) AND FED. R. CIV. P. 12(b)(6)**

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ........................................................................................... 1

II.  RELEVANT LEGAL STANDARDS ............................................................. 2

    A.  Personal Jurisdiction ............................................................................ 2

    B.  Statement of a Claim Upon Which Relief Can Be Granted................... 3

III.  ARGUMENT ................................................................................................. 4

    A.  The Pleadings Establish That This Court Has Personal Jurisdiction
        Over Broadcom Ltd. and Avago Ltd. .................................................... 4

        1.  Broadcom Ltd. and Avago Ltd. Introduced the Accused
              Products to Distribution Channels Knowing They Would be
              Sent to Individuals in Texas....................................................... 5

        2.  Avago Ltd. and Broadcom Ltd. Purposefully Direct Activities
              to Texas Residents Through Their Websites ............................... 7

        3.  The Perkins Declaration Relied on By Broadcom Ltd. and
              Avago Ltd. Is Inconsistent with the Statements These Parties
              Have Made Elsewhere ................................................................ 8

        4.  IP Bridge's Infringement Claims Arise Out of Broadcom Ltd.
              and Avago Ltd.'s Activities Directed Toward Texas Residents............... 11

        5.  Assertion of Personal Jurisdiction over Broadcom Ltd. and
              Avago Ltd. Would be Reasonable and Fair ............................... 11

    B.  In the Alternative, IP Bridge Requests Jurisdictional Discovery ......... 11

    C.  IP Bridge Has Adequately Stated a Claim Upon Which Relief Can Be
        Granted For Patent Infringement ....................................................... 12

CONCLUSION.................................................................................................. 13

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Akro Corp. v. Luker*,
   45 F.3d 1541 (Fed. Cir. 1995)....................................................................................3

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)....................................................................................................4

*Beverly Hills Fan Co. v. Royal Sovereign Corp.*,
   21 F.3d 1558 (Fed. Cir. 1994)....................................................................................5

*Bowlby v. City of Aberdeen*,
   681 F.3d 215 (5th Cir. 2012) .....................................................................................4

*Burger King Corp. v. Rudzewicz*,
   471 U.S. 462 (1985)....................................................................................................3

*Burlington Indus., Inc. v. Maple Indus., Inc.*,
   97 F.3d 1100 (8th Cir. 1996) .....................................................................................3

*Campbell Pet Co. v. Miale*,
   542 F.3d 879 (Fed. Cir. 2008)....................................................................................3

*Deprenyl Animal Health, Inc. v. Univ. of Toronto Innovations Found.*,
   297 F.3d 1343. (Fed. Cir. 2002).................................................................................3

*Elecs. for Imaging, Inc. v. Coyle*,
   340 F.3d 1344 (Fed. Cir. 2003)..................................................................................3

*Hockerson-Halberstadt, Inc. v. Propet USA, Inc.*,
   No. 02-1259, 2003 U.S. App. LEXIS 7277 (Fed. Cir. Apr. 2003) ............................3

*ICON Health & Fitness, Inc. v. Horizon Fitness, Inc.*,
   No. 5:08-cv-26, 2009 U.S. Dist. LEXIS 34767 (E.D. Tex. Mar. 26, 2009) .........................5, 6

*Keranos, LLC. v. Analog Devices, Inc.*,
   No. 2:10-cv-207, 2011 WL 4027427 (E.D. Tex. Sept. 12, 2011) (Ward, J.) .........................12

*Patterson v. Dietze*,
   764 F.2d 1145, 1148 ................................................................................................11

*Seoul Semiconductor Co. v. Nichia Corp.*,
   No. 2:07-CV-276, 2008 U.S. Dist. LEXIS 70391 (E.D. Tex. Sept. 10, 2008)........................8

*Silent Drive, Inc. v. Strong Indus., Inc.*,
   326 F.3d 1194 (Fed. Cir. 2003)..................................................................................2

*Thrift v. Estate of Hubbard*,
    44 F.3d 348 (5th Cir. 1995) ......................................................................................4

*Trintec Indus., Inc. v. Pedre Promotional Prods., Inc.*,
    395 F.3d 1275 (Fed. Cir. 2005)............................................................................3, 11

*Variant, Inc. v. Flexsol Packaging Corp.*,
    No. 6:08-CV-478, 2009 U.S. Dist. LEXIS 86839 (E.D. Tex. Sept. 21, 2009) ........................8

*Webmap Techs., LLC v. Google, Inc.*,
    No. 2:09-CV-343-DF-CE, 2010 WL 3768097 (E.D. Tex. Sept. 10, 2010) ..............................3

*World-Wide Volkswagen Corp. v. Woodson*,
    444 U.S. 286 (1980).........................................................................................5

*Wyatt v. Kaplan*,
    686 F.2d 276 (5th Cir. 1982) ...............................................................................11

**OTHER AUTHORITIES**

Fed. R. Civ. P. 8(a)(2).................................................................................................4

Fed. R. Civ. P. 12(b)(2)..............................................................................................11

Fed. R. Civ. P. 12(b)(6)............................................................................................3, 4

## I.      INTRODUCTION

Plaintiff Godo Kaisha IP Bridge 1 ("IP Bridge") respectfully submits this memorandum in opposition to Defendants Broadcom Limited ("Broadcom Ltd.) and Avago Technologies Limited's ("Avago Ltd.") (collectively, the "Moving Defendants") Motion to Dismiss IP Bridge's Complaint in this action as to only the Moving Defendants for lack of personal jurisdiction and for failure to state a claim for patent infringement.  (D.I. 29).  The remaining defendants have not contested personal jurisdiction or the adequacy of IP Bridge's pleading.

The Moving Defendants' Motion should be denied.  In its original Complaint, IP Bridge made a *prima facie* showing that this Court has personal jurisdiction over Broadcom Ltd. and Avago Ltd.  Given the wealth of public statements by Broadcom Ltd. and Avago Ltd. concerning their operations and activities that relate to the claims at issue here and that are directed at least in part to Texas, it is surprising that the Moving Defendants have contested jurisdiction.  To avoid burdening the Court with having to rule on motions based on competing affidavits, IP Bridge has filed a First Amended Complaint ("FAC") that includes additional factual averments conclusively demonstrating that this Court has personal jurisdiction over the Moving Defendants in connection with IP Bridge's patent infringement claims.

Broadcom Ltd. and Avago Ltd.'s assertions that they are not subject to personal jurisdiction in this Court are meritless.  Their arguments are premised on the fiction that neither Broadcom Ltd. nor Avago Ltd. conducts any activities in or directed to Texas.  But as demonstrated below and as further pleaded in the FAC, both Broadcom Ltd. and Avago Ltd. have affirmatively entered the Texas market with products that give rise to IP Bridge's claims of infringement.  Both have publicly stated that they have official distributors located within Texas. Broadcom Ltd. also has stated that it maintains multiple sales offices in Texas, and has a design site with more than 100 employees located in Texas.  Further, both entities appear to maintain, or

at least support, highly interactive websites that allow customers from Texas to purchase accused products or obtain technical support for accused products.  Each of these activities relates to IP Bridge's allegations of patent infringement.

Broadcom Ltd. and Avago Ltd. premise their motion on a declaration of Terasa Perkins. But Ms. Perkins is not an employee of either Broadcom Ltd. or Avago Ltd., and has failed to establish that her understanding of the activities of Broadcom Ltd. and Avago Ltd. is accurate. Indeed, many of the statements by Ms. Perkins in her declaration are contradicted by statements made by Broadcom Ltd. and Avago Ltd. to the Securities and Exchange Commission, as well as information obtained from those defendants' websites.  Accordingly, the declaration should be given no weight.

IP Bridge has made a *prima facie* showing of Broadcom Ltd. and Avago Ltd.'s necessary contacts with Texas for personal jurisdiction to be appropriate.  Broadcom Ltd. and Avago Ltd. have failed to carry their high burden to show that the Court's exercise of personal jurisdiction would be unreasonable.  And IP Bridge has pled sufficient facts to state a claim for patent infringement.  Thus, Broadcom Ltd. and Avago Ltd.'s motion should be denied.

## II.     RELEVANT LEGAL STANDARDS

### A.     Personal Jurisdiction

Because personal jurisdiction in this patent infringement case "is intimately related to patent law," Federal Circuit law governs the issue. *Silent Drive, Inc. v. Strong Indus., Inc.*, 326 F.3d 1194, 1201 (Fed. Cir. 2003).

Personal jurisdiction may be general or specific. To establish specific personal jurisdiction over an out-of-state defendant, the Federal Circuit considers: 1) whether the defendant "purposefully directed" its activities at residents of the forum; 2) whether the claim "arises out of or relates to" the defendant's activities in the forum; and 3) whether the exercise of

2

jurisdiction is "reasonable and fair." *Deprenyl Animal Health, Inc. v. Univ. of Toronto Innovations Found.*, 297 F.3d 1343, 1351. (Fed. Cir. 2002) (quoting *Akro Corp. v. Luker*, 45 F.3d 1541, 1545 (Fed. Cir. 1995)).

General personal jurisdiction arises when a defendant maintains "continuous and systematic" contacts with the forum state even when the cause of action has no relation to those contacts. *Hockerson-Halberstadt, Inc. v. Propet USA, Inc.*, No. 02-1259, 2003 U.S. App. LEXIS 7277, at *36 (Fed. Cir. Apr. 2003) (internal quotation marks omitted). An interactive website, along with evidence that the defendant is doing business inside a state, can give rise to general jurisdiction. *Id*. at *37.

IP Bridge bears the burden of proving that personal jurisdiction exists. *Burlington Indus., Inc. v. Maple Indus., Inc.*, 97 F.3d 1100, 1102 (8th Cir. 1996). But at this stage in the litigation, IP Bridge need only make a *prima facie* showing of personal jurisdiction. *Elecs. for Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1349 (Fed. Cir. 2003). The court "must accept the uncontroverted allegations in the plaintiff's complaint as true and resolve any factual conflicts in the plaintiff's favor." *Id*. Also, "the district court must construe all pleadings and affidavits in the light most favorable to the plaintiff." *Trintec Indus., Inc. v. Pedre Promotional Prods., Inc.*, 395 F.3d 1275, 1282-83 (Fed. Cir. 2005). To avoid the exercise of jurisdiction by a court that would otherwise have jurisdiction, a defendant "must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Campbell Pet Co. v. Miale*, 542 F.3d 879, 885 (Fed. Cir. 2008), *citing Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985).

**B.     Statement of a Claim Upon Which Relief Can Be Granted**

"In the Fifth Circuit, motions to dismiss under Rule 12(b)(6) are viewed with disfavor and rarely granted." *Webmap Techs., LLC v. Google, Inc.*, No. 2:09-CV-343-DF-CE, 2010 WL 3768097, at *1 (E.D. Tex. Sept. 10, 2010), report and recommendation adopted, No. 2:09-CV-

343-DF-CE, 2010 WL 3835118 (E.D. Tex. Sept. 28, 2010). Rule 8(a) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, it need only "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests," *Thrift v. Estate of Hubbard*, 44 F.3d 348, 356 (5th Cir. 1995) (internal quotation marks omitted), and allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *See Bowlby v. City of Aberdeen*, 681 F.3d 215, 217 (5th Cir. 2012).

## III.    ARGUMENT

### A.    The Pleadings Establish That This Court Has Personal Jurisdiction Over Broadcom Ltd. and Avago Ltd.

The pleadings, including the original Complaint and the FAC, and facts establish that Broadcom Ltd. and Avago Ltd. are subject to personal jurisdiction of this Court.  As further pleaded in the FAC, both Broadcom Ltd. and Avago Ltd. have conducted business in Texas on a continuous and systematic basis, have introduced accused products into the stream of commerce, knowing they would be sent to individuals in Texas, and have purposefully directed their infringing activities at Texas residents.  For example, Broadcom Ltd. has stated that it has official distributors, sales offices and research sites located in Texas; Avago Ltd. has stated it has an official distributor in Texas, and Avago Ltd. has online contacts with Texas residents through its highly interactive website.[1]  Based on these activities, Broadcom Ltd. and Avago Ltd. knew, or reasonably should have expected, that their products would enter Texas.

---

[1]      In her Declaration, Ms. Perkins states that Avago Ltd. does not own, operate or register the www.avagotech.com and www.avagotech-online.com websites. D.I. 29-1 (Perkins Decl.) ¶ 24.  However, both

### 1. Broadcom Ltd. and Avago Ltd. Introduced the Accused Products to Distribution Channels Knowing They Would be Sent to Individuals in Texas

Broadcom Ltd. and Avago Ltd. are subject to the specific jurisdiction of this Court because, as pleaded in both the original Complaint and the FAC, they knowingly introduced the Accused Products into Texas through a distribution channel they established for this purpose.

"[Texas] does not exceed its powers under the Due Process Clause if it asserts personal jurisdiction over a corporation that delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in [Texas]." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297-98 (1980). Purposefully shipping an accused product into the forum state through an established distribution channel is alone enough to establish specific jurisdiction. *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1565 (Fed. Cir. 1994).

In this case, both Broadcom Ltd. and Avago Ltd. established distribution channels to Texas.  For example, Broadcom Ltd. has stated that it has distributors located in five Texas cites: Richardson, Plano, Austin, Sugarland and Houston. FAC ¶ 12; *see also* Ex. A (Broadcom Ltd. List of Locations) at 1, 28-29.[2]  The use of others to distribute the accused products is sufficient to create personal jurisdiction. *ICON Health & Fitness, Inc. v. Horizon Fitness, Inc.*, No. 5:08-cv-26, 2009 U.S. Dist. LEXIS 34767, at *42 (E.D. Tex. Mar. 26, 2009) ("JHT Taiwan places products into the stream of commerce with the expectation that the North American companies will distribute them throughout the United States. Such distribution's destination includes retailers in Texas. Therefore, as in *Asustek*, this Court presumes that JHT Taiwan knew Texas

---

websites state the copyrights for the information on these websites belongs to "Avago Technologies" (i.e., Avago Ltd.), showing that Avago Technologies participates in the dissemination of information through those websites.
[2]     As used herein, "Ex. __" refers to the stated exhibit to the Declaration of Alexander Middleton, submitted herewith.  All emphasis in quotations is added, unless noted otherwise.

was a termination point of the distribution channel because the North American companies established a connection with Texas retailers."). Broadcom Ltd. also has stated that it has sales offices in three Texas cities: Addison, Houston and Round Rock. FAC ¶ 12; *see also* Ex. A at 90, 99-100. Broadcom Ltd. also has an official Broadcom office located in Austin, Texas. FAC ¶ 12; *see also* Ex. A at 108, 112. Broadcom Ltd. also has stated that it maintains a design site center in Austin with over 100 employees. FAC ¶ 18; *see also* Ex. B (Broadcom Limited Company Overview) at 4. These activities are consistent with Broadcom Ltd.'s statement to the SEC that "[w]e sell our products primarily through our direct sales force, distributors and manufacturers' representatives." *See* FAC ¶ 31; *see also* Ex. C (Broadcom Ltd. Form 10-Q) at 8.

Similarly, Avago Ltd. has stated that it has a distributor located in Mansfield, Texas. FAC ¶ 12; *see also* Ex. D (Avago Ltd. Distributors Webpage) at 2. This use of a distributor in Texas is sufficient to find personal jurisdiction in this case. *ICON Health & Fitness*, 2009 U.S. Dist. LEXIS 34767, at *42. In addition, Avago Ltd. uses the internet to distribute the accused devices by allowing customers to order accused devices from its website. Avago Ltd.'s website at http://www.avagotech.com/ allows customers with Direct Purchasing Agreements, including customers in Texas, to order samples of products online. FAC ¶ 15; *see also* Ex. E (Avago Ltd. How to Buy: eSamples Webpage). Avago Ltd.'s website includes a link titled "How to Buy," which directs consumers in the United States to purchase Avago Ltd.'s products from Broadcom Ltd.'s Americas Sales Office in San Jose, California. FAC ¶ 15; *see also* Ex. F (Avago Ltd. How to Buy: Sales Webpage) at 1. Avago Ltd. has another website at https://www.avagotech-online.com that allows customers to purchase products. Ex. G (Avago Ltd. Product Order Webpage). These activities are consistent with Avago Ltd.'s statement to the SEC that "[w]e also distribute a substantial portion of our products through our broad distribution network, and a

significant amount of these sales are to large global electronic components distributors, including

Avnet, Inc. and Arrow Electronics, Inc."  FAC ¶ 33; *see also* Ex. H (Avago Ltd. Form 10-K) at 4.

Accordingly, this Court has personal jurisdiction over Broadcom Ltd. and Avago Ltd.

> ### 2.  Avago Ltd. and Broadcom Ltd. Purposefully Direct Activities to Texas Residents Through Their Websites

This Court also has personal jurisdiction over Avago Ltd. and Broadcom Ltd. because

they have purposefully directed activities related to its infringing conduct to Texas residents by

offering various services on their websites and elsewhere online.  *See* FAC ¶¶ 13-18.   For

example, Avago Ltd.'s website has the functionality described above that allows customers to

obtain the accused devices.  Further, Avago Ltd.'s website has the following features:

- A submission form that allows customers to obtain technical support from Avago Ltd.  FAC ¶ 15; *see also* Ex. I (Avago Ltd. Tech Support Webpage);

- Viewing videos about Avago Ltd.'s products. Ex. J (Avago Ltd. Support Webpage)

- Product selections guides available for download.  FAC ¶ 16; *see also* Ex. J (Avago Ltd. Support Webpage)

- White papers available for download.  FAC ¶ 16; *see also* Ex. J (Avago Ltd. Support Webpage).

In addition to the functionality and information described above, Broadcom Ltd.'s website has an

interactive map that allows customers to find where to buy Broadcom Ltd.'s products, including,

for example, in Texas.  Ex. K (Broadcom Ltd. Map Webpage).  Notably absent from the Moving

Defendants' submission is any assertion that Broadcom Ltd. does not maintain or have

responsibility over the www.broadcom.com website, or other websites that market the accused

products to Texas residents.  Indeed, that website indicates on its face that its content is owned by "Broadcom Ltd."  FAC ¶ 14; *see also* Ex. L (Webpage printout).

This Court has consistently found that an interactive website such as those maintained by Avago Ltd. and Broadcom Ltd. is sufficient to satisfy the test for personal jurisdiction. "A website whose owners engage in repeated online contacts with forum residents through the site will likely satisfy the minimum contacts requirement." *Variant, Inc. v. Flexsol Packaging Corp.*, No. 6:08-CV-478, 2009 U.S. Dist. LEXIS 86839, at *6 (E.D. Tex. Sept. 21, 2009); *Seoul Semiconductor Co. v. Nichia Corp.*, No. 2:07-CV-276, 2008 U.S. Dist. LEXIS 70391, at *6-7 (E.D. Tex. Sept. 10, 2008) ("The website is more than just a passive site and provides sufficient interactivity to satisfy the minimum contacts requirement.").

### 3. The Perkins Declaration Relied on By Broadcom Ltd. and Avago Ltd. Is Inconsistent with the Statements These Parties Have Made Elsewhere

Broadcom Ltd. and Avago Ltd. base their motion to dismiss for lack of personal jurisdiction on a declaration by Terasa Perkins.  But Ms. Perkins is not an employee of either of these companies and has failed to show that she has any knowledge of the role of either of these companies.  Ms. Perkins' declaration is also inconsistent with statements that Broadcom Ltd. and Avago Ltd. have made to the SEC.

Ms. Perkins' declaration includes only two statements that provide a basis for her knowledge of how any of the parties in this case operate:

> I am currently employed by Avago Technologies U.S., Inc. ("Avago U.S."). I was employed by the same entity before the acquisition of Broadcom Corporation by Avago Technologies Limited ("Avago Ltd."). This acquisition created the entity Broadcom Limited ("Broadcom Ltd.").  I have been employed at Avago U.S. since 2005."  D. I. 29-1 (Perkins Decl.) ¶ 1.

> My current position at Avago U.S. is Associate General Counsel and my current responsibilities include managing the commercial legal team. *Id. ¶* 2.

Neither of these statements establishes that Ms. Perkins has a full knowledge of the operation of Broadcom Ltd. or Avago Ltd.

Further, many of the statements made by Ms. Perkins in her declaration are inconsistent with statements made by Broadcom Ltd. and Avago Ltd.  For example, the Perkins declaration states "Broadcom Ltd. and Avago Ltd. are not now and have never been operating companies. Rather, both Broadcom Ltd. and Avago Ltd. function as holding companies for other distinct, separate, independent corporate entities."  D.I. 29-1 (Perkins Decl.) ¶ 13. The Perkins declaration further asserts that neither Broadcom Ltd. nor Avago Ltd. makes, uses, sells or designs any products. *Id.* ¶¶ 14, 15, 20-22. But in a May 10, 2016 Form 10-Q filed with the Securities and Exchange Commission, Broadcom Ltd. described itself as follows:

> **We are a leading designer, developer and global supplier of a broad range of analog and digital semiconductor connectivity solutions** with a focus on analog III-V based products and complex digital and mixed signal complementary metal oxide semiconductor based devices. We have a history of innovation and offer thousands of products that are used in end products such as data center networking, home connectivity, broadband access, telecommunications equipment, smartphones and base stations, data center servers and storage, factory automation, power generation and alternative energy systems, and displays. **We have four reportable segments: enterprise storage, wireless communications, wired infrastructure and industrial & other**, **which align with our principal target markets**.

Ex. C (Broadcom Ltd. Form 10-Q) at 9; *see also* FAC ¶ 18.  Similarly, in a December 17, 2015 Form 10-K filed with the Securities and Exchange Commission, Avago Ltd. described itself as follows:

> **We are a leading designer, developer and global supplier of a broad range of semiconductor devices** with a focus on analog III-V based products and complex digital and mixed signal complementary metal oxide semiconductor, or CMOS, based devices. We have a history of innovation and offer thousands of products that are used in end products such as smartphones, enterprise servers and storage systems, hard disk drives, solid state

> drives, data networking and telecommunications equipment,
> factory automation, industrial equipment and consumer appliances.
> We have four reportable segments: wireless communications,
> enterprise storage, wired infrastructure and industrial & other,
> which align with our principal target markets. ***We differentiate
> ourselves through our high performance design and integration
> capabilities and focus on developing products*** for target markets
> where we believe we can earn attractive margins.

Ex. H (Avago Ltd. Form 10-K) at 4; *see also* FAC ¶ 35.  Broadcom Ltd.'s website shows that Broadcom has a Chief Technical Officer, who is "responsible for driving the company vision for engineering research and development activities." Ex. M (Broadcom CTO Bio) at 3; *see also* FAC ¶ 29. Broadcom Ltd. also has a Chief Sales Officer, who is "responsible for global sales and marketing across all business divisions."  Ex. N (Broadcom CSO Bio) at 3; *see also* FAC ¶ 29.  These positions would be unnecessary if Broadcom Ltd. were truly a mere holding company.

Further, the Perkins declaration states that neither Broadcom Ltd. nor Avago Ltd. has entered into any contracts with foundries for the manufacture of the Accused products.  D.I. 29-1 (Perkins Decl.) ¶ 16.  But in their submissions to the SEC, both Broadcom Ltd. and Avago Ltd. stated that they outsource their manufacturing to third-party foundries, and Avago Ltd. even has its own manufacturing facilities.  Ex. C (Broadcom Ltd. Form 10-Q) at 41; Ex. H (Avago Ltd. Form 10-K) at 4; *see also* FAC ¶¶ 23, 31.

The Perkins declaration further states that neither Broadcom Ltd. nor Avago Ltd. has entered into any contracts with distributors, or been involved in any way with the distribution of the accused devices.  D.I. 29-1 (Perkins Decl.) ¶¶ 17, 25-26.  But as discussed in detail above, Broadcom Ltd. and Avago Ltd.'s webpages (consistent with their statements to the SEC) show that distributors play an important role in the sales of their products.

### 4.  IP Bridge's Infringement Claims Arise Out of Broadcom Ltd. and Avago Ltd.'s Activities Directed Toward Texas Residents

Because all of the activities by Broadcom Ltd. and Avago Ltd. discussed in the previous sections relate to their infringement, including sale of the accused devices, products support for the accused devices, and importation of the accused devices, IP Bridge has satisfied this requirement for specific personal jurisdiction.

### 5.  Assertion of Personal Jurisdiction over Broadcom Ltd. and Avago Ltd. Would be Reasonable and Fair

In light of Broadcom Ltd. and Avago Ltd.'s activities directed towards residents of Texas, they have failed to meet their burden of showing that the Court's assertion of jurisdiction over them would not be reasonable and fair.  Broadcom Ltd. and Avago Ltd.'s argument boils down to a single assertion: that they are not involved in any of the infringing activities identified in IP Bridge's complaint.  However, as discussed above, their only support for this—the Declaration of Terasa Perkins—is inconsistent with the facts and statements made by Broadcom Ltd. and Avago Ltd.  Having failed to show that an assertion of personal jurisdiction over them would not be reasonable and fair, Broadcom Ltd. and Avago Ltd. have not overcome IP Bridge's *prima facie* showing of personal jurisdiction.

### B.      In the Alternative, IP Bridge Requests Jurisdictional Discovery

Where a motion to dismiss under Rule 12(b)(2) raises issues of fact as to jurisdictional allegations made in a complaint, courts may allow the parties to engage in discovery directed at jurisdictional issues.  *See Wyatt v. Kaplan*, 686 F.2d 276, 284 (5th Cir. 1982); *Patterson v. Dietze, Inc.*, 764 F.2d 1145, 1148 ("[J]urisdictional discovery is within the trial court's discretion and will not be disturbed ordinarily unless there are unusual circumstances showing a clear abuse.") (internal quotation marks omitted); *Trintec Indus., Inc. v. Pedre Promotional Prods.*, Inc., 395 F.3d 1275, 1283 (Fed. Cir. 2005) ("[Jurisdictional] discovery is appropriate where the existing

record is inadequate to support personal jurisdiction and a party demonstrates that it can supplement its jurisdictional allegations through discovery") (internal quotation marks omitted); *Keranos, LLC. v. Analog Devices, Inc.*, No. 2:10-cv-207, 2011 WL 4027427, at *10 (E.D. Tex. Sept. 12, 2011) (Ward, J.).

The factual allegations set forth in the FAC and summarized herein clearly establish that this Court has personal jurisdiction over Broadcom Ltd. and Avago Ltd. IP Bridge respectfully submits that it has far exceeded the required *prima face* showing of jurisdiction here. To the extent there are any doubts, however, about the propriety of this Court exercising its jurisdiction over Broadcom Ltd. and Avago Ltd. in this case, IP Bridge respectfully submits that the Court should permit IP Bridge to take jurisdictional discovery.

### C. IP Bridge Has Adequately Stated a Claim Upon Which Relief Can Be Granted For Patent Infringement

The Moving Defendants argue that the allegations of the original complaint did not sufficiently apprise them of the basis for IP Bridge's allegations of patent infringement. The main thrust of Moving Defendants' argument is summarized by their following assertion: "Even assuming *arguendo* that Defendants Broadcom Corp., Avago U.S., and LSI Corp. could potentially ascertain their alleged involvement based on IP Bridge's identification of sweeping product groups, *the same cannot be said for holding companies Broadcom Ltd. and Avago Ltd.*" (D.I. 29 at 14 (original emphasis)). That is, the Moving Defendants' argument is premised upon acceptance of their assertion that those companies are mere "holding companies," a proposition whose sole foundation is the defective Perkins Declaration. This premise requires the rejection of IP Bridge's well-pleaded allegations that the Moving Defendants are involved in the design, development, manufacture, sale, offer for sale, user, and/or importation into the United States of the accused products. *See* Sections III.A.1 and 2, *supra*. In effect, the Moving Defendants seek

a ruling that they have not engaged in the alleged activities, and not that the allegations are insufficient to put them on notice of the bases for IP Bridge's claims.  But IP Bridge's allegations must be taken as true at this procedural posture, and thus Moving Defendants' argument should be rejected.

Moving Defendants' further assert that "the [original] Complaint fails 'to make clear exactly **who** is alleged to have done **what** to **whom**." D.I. 29 at 14 (original emphasis).   But Moving Defendants' assertion is belied by the fact that the remaining defendants were able to ascertain the allegations made against them, and timely served an Answer responding to those allegations of the original Complaint. The Moving Defendants provide no explanation for why the remaining defendants were able to understand and respond to the allegations of the Complaint, but somehow the Moving Defendants could not.

Regardless, to avoid wasting further Court and party resources on this dispute, IP Bridge has timely filed and served the FAC, which contains additional factual averments addressed specifically to the wrongful activities of Broadcom Ltd. and Avago Ltd. that give rise to the pleaded claims.   *See* D.I. 42 ¶¶ 12-14, 25-31 (Broadcom Ltd.'s infringing activities); ¶¶ 10-12, 15-16, 32-36 (Avago Ltd.'s infringing activities).

## CONCLUSION

In view of the foregoing, IP Bridge respectfully submits that the Court should deny Broadcom Ltd. and Avago Ltd.'s motion.

Dated:  May 27, 2016

By:  /s/ *Melissa R. Smith*

Melissa R. Smith
GILLAM & SMITH, LLP
TX State Bar No. 24001351
303 S. Washington Ave.
Marshall, Texas 75670
Telephone: (903) 934-8450

Facsimile: (903) 934-9257
melissa@gillamsmithlaw.com

Andrew N. Thomases
(CA Bar No. 177339)
(Eastern District of Texas Member)
Andrew T. Radsch
(CA Bar No. 303665)
(Eastern District of Texas Member)
ROPES & GRAY LLP
1900 University Avenue, 6th Floor
East Palo Alto, CA 94303-2284
Telephone:  (650) 617-4000
Facsimile:  (650) 617-4090
andrew.thomases@ropesgray.com
andrew.radsch@ropesgray.com

Hiroyuki Hagiwara
(NY Bar No. 3063690)
(Eastern District of Texas Member)
Han Xu
(NY Bar No.  5089438)
(Eastern District of Texas Member)
ROPES & GRAY LLP
JP Tower, 30th Floor
2-7-2, Marunouchi
Chiyoda-ku , Tokyo 100-7030, Japan
Telephone: +81 3 6259 3500
Facsimile:  +81 3 6259 3501
hiroyuki.hagiwara@ropesgray.com
han.xu@ropesgray.com
rodrigo.valle@ropesgray.com

Alexander E. Middleton
(NY Bar No. 4797114)
(Eastern District of Texas Member)
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036
(212) 596-9000
(212) 596-9090
alexander.middleton@ropesgray.com

*Attorneys for Godo Kaisha IP Bridge 1*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on May 27, 2016.

*/s/ Melissa Smith*
Melissa Smith

15