**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| Godo Kaisha IP Bridge 1, § <br> § <br> v.  § <br> § <br> Broadcom Limited et al § <br> § | Case No. 2:16-CV-134-JRG-RSP |

## ORDER

Before the Court are various discovery motions filed by the parties. The Court rules as follows:

1. Plaintiff's Motion to Compel Defendants to Produce Sales and Distribution Agreements and Related Documents, Financial Information, Patent License Agreements, and Samples of the Accused Products (Dkt. No. 113) is **CARRIED**.

2. Defendants' Motion to Enforce the Court's Docket Control Order and Strike Plaintiff's Improper New Infringement Contentions (Dkt. No. 151) is **DENIED** for the reasons stated at the March 23, 2017 hearing.

3. Defendant's Motion to Expedite Briefing (Dkt. No. 153) is **DENIED AS MOOT**.

4. Plaintiff's Emergency Motion to Compel Defendants to Produce Witnesses, Interrogatory Responses, and Documents (Dkt. No. 155) is **GRANTED IN PART**. As to the *Broadcom v. Emulex* documents (damages expert reports, motions challenging the damages expert opinions, and any corresponding sealed Orders), the motion is **GRANTED**. As to the remainder of the requested relief, the motion is **DENIED**.

5. Plaintiff's Emergency Motion to Enforce the Court's December 19, 2016 Order and for Sanctions Pursuant to Rule 37(b)(2) (Dkt. No. 156) is **GRANTED IN PART**.

    Regarding document production, Broadcom never asserts that it has in fact complied with the Court's Order, only that it has produced documents in accordance with the Court's Order. This representation leaves open the possibility that Broadcom has only partially complied with the Court's Order, which is unsatisfactory. While the Court does not doubt that Broadcom has produced thousands of files in compliance with the Court's prior Order, its briefing falls short of representing that it has complied with the Court's prior Order regarding production. If Broadcom has no additional documents responsive to the categories of documents Plaintiff describes in its motion, Dkt. No. 156, then it should file a notice with the Court explaining in sufficient detail that no such documents exist.

Regarding interrogatory responses, the Court finds that Defendants invocation of Rule 33(d) is not well-taken. The burden of "deriving or ascertaining the answer" to the interrogatories is not substantially the same for Plaintiff as it is for Defendants. Defendants are **ORDERED** to provide complete responses no later than **April 15, 2017.**

Regarding the GDS files and sanctions, Plaintiff's Motion is **DENIED**.

6. Plaintiff's Emergency Motion to Expedite Briefing on Plaintiff's Emergency Motion to Enforce (Dkt. No. 157) is **DENIED AS MOOT**.

7. Broadcom's Motion to Compel (Dkt. No. 168) is **DENIED**. The Court finds that IP Bridge does not control Panasonic (or vice-versa) and that they are not sufficiently related parties. While Panasonic has a financial interest as an investor in IP Bridge's business, that fact alone does not mean that the documents Panasonic possesses are within the custody or control of IP Bridge. The Court concludes that, on the whole, IP Bridge does not have the practical ability to obtain the requested documents. Panasonic is an investor in IP Bridge, and it does not have a closer financial relationship with IP Bridge which would suggest control; IP Bridge and Panasonic do not exchange documents in the ordinary course of business; and Panasonic has not participated in this litigation.

8. Plaintiff's Motion for Hearing (Dkt. No. 190) is **DENIED AS MOOT.**

**Apr 4, 2017**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE